**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TFH Properties, LLC, et. al., | No. 09-CV-8050-PCT-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| MCM Development, LLC, et. al., | |
| Defendants. | |

This is an action for fraudulent transfer and, alternatively, for a judgment against defendants Melvin and Janette McQuarrie, under the theory that they are the alter egos of defendant MCM Development, LLC. Janette and Melvin McQuarrie are former spouses, and MCM Development, LLC is a limited liability company, of which Melvin McQuarrie is the only member. The case arises out of a construction contract dispute, and was originally filed in the Superior Court of Arizona in Coconino County. On December 11, 2008, the Superior Court confirmed an arbitrator's award and entered a judgment against MCM Development for $95,932.74, plus $35,000 in attorneys' fees and $5,000 in arbitration fees, with an annual interest rate of 10%. MCM Dev., LLC v. TFH Props., LLC, et. al., CV 2006-0519 (December 11, 2008). That judgment is unpaid.

We have before us defendant Janette McQuarrie's motion to dismiss for lack of personal jurisdiction (doc. 42), plaintiffs' response (doc. 43), and Janette McQuarrie's reply

(doc. 47). Plaintiffs filed their second amended complaint on February 2, 2010 (doc. 34), which added Janette McQuarrie as a defendant. MCM and Melvin McQuarrie filed an answer on February 19, 2010 (doc. 37). Instead of answering, Janette McQuarrie filed a motion to dismiss (doc. 42).

. It is plaintiffs' burden to demonstrate that the court has jurisdiction over the defendant. Brayton Purcell, LLP v. Recordon & Recordon, No. 07-15383, 2010 WL 2135302, at *2 (9th Cir. 2010). Plaintiffs need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss, and we resolve all disputed facts in the plaintiffs' favor. Id. When sitting in diversity, we exercise personal jurisdiction if it is permitted by Arizona's long-arm statute and comports with due process under the United States Constitution. Cybersell, Inc. v. Cybersell, Inc. 130 F.3d 414, 415 (9th Cir. 1997). Arizona's long-arm statute allows the exercise of personal jurisdiction "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). Our exercise of personal jurisdiction thus turns on due process. See Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007).

To satisfy due process, the nonresident defendant must have at least minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Boschetto v. Hansing, 539 F.3d 1011, 1015–16 (9th Cir. 2008). Plaintiffs argue that we have both general and specific jurisdiction over Janette McQuarrie.

**I**

General jurisdiction exists where the defendant has "substantial" or "continuous and systematic" contacts with the forum state. Bancroft & Masters, Inc. v. August Nat'l. Inc., 223 F.3d. 1082, 1086 (9th Cir. 2000). The defendant's contacts must "approximate physical presence." Id. Plaintiffs argue that because Janette McQuarrie borrowed money from an Arizona bank, developed, owned, collected rent, and paid taxes on property in Arizona, and was the officer of a company with an office in Arizona, she had substantial, continuous and

systematic contacts with the state. However, all these contacts relate to a single business enterprise in Arizona, and do not reach the "fairly high" standard for general jurisdiction. Id. at 1086. Defendant's limited support of one Arizona development was not substantial, continuous, or systematic. We conclude that we do not have general jurisdiction over Janette McQuarrie.

**II**

However, these contacts are sufficient for us to exercise specific jurisdiction over Janette McQuarrie. The test for specific jurisdiction has three prongs: (1) the defendant has purposefully directed his activities or performed an act by which he purposefully avails himself of the privileges of conducting business in the forum; (2) the suit arises out of the forum-related activity; and (3) the exercise of jurisdiction is reasonable. Boschetto, 539 F.3d at 1016. If the plaintiff establishes the first two prongs, the defendant must make a compelling case that the exercise of jurisdiction would not be reasonable in order to defeat jurisdiction. Id.

**A**

Plaintiffs have established the first prong. Janette McQuarrie's loan from an Arizona bank to develop property in Arizona and her service as secretary of a business that conducted activity in Arizona constitute purposeful availment of the privilege of conducting business in Arizona. See Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) ("We have held that the purposeful availment requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents."). From December 23, 1999 through at least September 10, 2008, Janette McQuarrie was the secretary of MCM Engineering, Inc., which has an office in Page, Arizona. Along with co-defendants Melvin McQuarrie and MCM Development, Janette McQuarrie was the co-borrower of a $425,000 loan from a bank in Flagstaff, the stated purpose of which was to finance development of the disputed property. MCM Engineering, the company for which Janette McQuarrie was secretary, was a guarantor of the loan. Janette McQuarrie also provided

property that she and Melvin McQuarrie owned as security for the loan. For at least 2006, Janette and Melvin McQuarrie reported rental income from the property in Page, Arizona on their joint federal income tax statement.

Defendant argues that she has not owned property in Arizona since she executed a quit claim deed for the disputed property on January 6, 1999. She also disclaimed any community property interest in the tract she might have had under Arizona law. She further contends that she never had any business interest in MCM Development, that she only signed the loan documentation because the bank required her signature in order to fund Melvin McQuarrie's separate business, and that the only reason she served as a secretary of MCM Engineering was to obtain healthcare. However, while her allegedly limited role in her ex-husband's business could be relevant to her liability for plaintiffs' claims, the exercise of personal jurisdiction over defendant is not limited by her purported reasons for her involvement in forum activities. Janette McQuarrie voluntarily took legal responsibility for development activity she knew would be conducted in Arizona, and thereby purposefully availed herself of the privilege of doing business here.

Plaintiffs have also established the second prong: their claims arise (at least in part) out of Janette McQuarrie's Arizona-related business activities. In determining whether the claims arise out of defendant's local conduct, the Ninth Circuit follows the "but for" test, which requires a plaintiff to show that he would not have suffered an injury "but for" defendant's forum-related conduct. Menken, 503 F.3d at 1058. Had Janette McQuarrie not provided security for the loan used to develop the disputed property, MCM Development might not have bought the property, and plaintiffs might never have entered into a contract with MCM Development. Plaintiffs' fraudulent conveyance and alter ego claims arise directly from the McQuarries' Arizona business. The blending of the McQuarries' personal finances and those of MCM Development, the loan agreements, and any income the couple received from the property are directly at issue, and all arise from defendant's Arizona activity.

Finally, our assertion of jurisdiction must be reasonable. Because the plaintiffs have established minimum contacts, it is Janette McQuarrie's burden to present a compelling case that jurisdiction is unreasonable in order to defeat jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Defendant argues only that she conducted no forum-related activities; she does not address the reasonableness prong of the personal jurisdiction test. Nevertheless, we consider the seven reasonableness factors: (1) the extent of Janette McQuarrie's purposeful interjection into Arizona affairs; (2) her burden in defending herself in Arizona; (3) the extent of conflict with the sovereignty of her home state, Utah; (4) Arizona's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the Arizona forum to the plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternative forum. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1132 (9th Cir. 2003). Taken together, these factors weigh in favor of the exercise of jurisdiction.

First, Janette McQuarrie's purposeful interjection into Arizona affairs was limited but significant and weighs in favor of jurisdiction. She helped finance a business that operated solely in Arizona by borrowing money from a bank in Arizona. She also served as secretary for a related business that operated in Arizona. Second, Janette McQuarrie's burden in litigating in Arizona weighs against jurisdiction. She has never lived here, and likely does not have personal or professional connections here. However, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1112 (9th Cir. 2004). Moreover, Utah is an adjacent state. Third, there is minimal conflict with the sovereignty of Utah. Although MCM Development is a Utah limited liability company, the conduct that gave rise to this action occurred exclusively in Arizona. Additionally, this action follows a judgment entered in an Arizona state court. This factor weighs in favor of jurisdiction. Fourth, Arizona has a significant interest in adjudicating the case. Arizona property is at issue, and the Arizona state court has previously

entered a judgment against two of the defendants. Fifth, Arizona is the most efficient forum in which to resolve the controversy. Plaintiffs are here and the conduct at issue occurred here. Sixth, the Arizona forum is of at least some importance to the plaintiffs' relief. Plaintiffs are located here, and their business activity that gave rose to this litigation occurred here. They have no connection to Utah. Seventh, an alternative forum does exist; the Utah courts.

In sum, only factors (2) and (7) weigh against exercising personal jurisdiction. Because a majority of factors weigh in favor of exercising jurisdiction, our exercise of personal jurisdiction is reasonable. See CE Distrib., 380 F.3d at 1113.

We conclude that we have personal jurisdiction over Janette McQuarrie. Therefore, **IT IS ORDERED DENYING** defendant's motion to dismiss for lack of personal jurisdiction (doc. 42).

DATED this 2nd day of July, 2010.

.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge