**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TFH Properties, LLC, et al., | ) | No. CV-09-8050-PCT-FJM |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| MCM Development, LLC, et al., | ) | |
| Defendants. | ) | |

We have before us defendants' motion for reconsideration of our order partially granting plaintiffs' motion for summary judgment (doc. 54). We also have plaintiffs' motion to dismiss claims remaining for trial (doc. 56), and a Request to Vacate the Pretrial Conference (doc. 57).

**I**

We deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [our] attention earlier with reasonable diligence." LR Civ 7.2(g)(1).

In our order partially granting summary judgment, we did not consider defendants' objections to plaintiffs' Statement of Facts because defendants raised the objections solely in their Statement of Facts, rather than in their Memorandum in Opposition to Plaintiffs' Motion. Defendants now contend that their evidentiary objections had to be presented in

their Statement of Facts, pursuant to LR Civ 7.2(m)(2). That rule requires that defendants' objections to the admissibility of plaintiffs' evidence offered in support of a motion for summary judgment be presented in defendants' response to the plaintiffs' statement of facts (and not in a separate motion to strike). Defendants argue that their "response" is their separate statement of facts. They cite LR Civ 56.1(b), which requires that a party opposing summary judgment file a separate statement of facts that provides correspondingly numbered paragraphs indicating whether the opposing party agrees with each statement asserted in the moving party's statement of facts.

While defendants' reliance on the parenthetical expression in LRCiv 7.2(m)(2) is reasonable, defendants still fail to establish an issue of material fact that would avoid summary judgment.[1]

First, defendants contend that many of plaintiffs' exhibits are not authenticated and therefore not admissible for purposes of summary judgment. See Fed. R. Civ. P. 56(e)(1). The rule requires that "documents must be authenticated and attached to a declaration wherein the declarant is the person through whom the exhibits could be admitted into evidence." Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007) (citation omitted). The requirement for authentication is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

Second, defendants argue that plaintiffs failed to disclose all exhibits to be used at trial before the deadline set in the Rule 16 Scheduling Order (doc. 12). Defendants note that as of the February 2, 2010 deadline, plaintiffs had disclosed only one witness, Melvin McQuarrie, and three exhibits. Defendants argue that any facts not supported by Melvin McQuarrie's deposition or the three exhibits cannot be considered.

We need not reach the merits of these evidentiary contentions because defendants have shown that they agree with every material fact that entitles plaintiffs to summary

---

[1] While the relationship between LR Civ 7.2(m)(2) and LRCiv 56.1 is not as clear as it could be, we think arguments in support of objections belong in the memoranda.

judgment. Defendants express no doubt about the authenticity of the evidence submitted by plaintiff, or about the truth of the information contained in plaintiffs' exhibits. Defendants take issue only with the form of plaintiffs' evidence. However, Melvin McQuarrie's affidavit and statement of facts show that he acknowledges the accuracy of every fact underlying our grant of summary judgment. Therefore, summary judgment is proper, even if some of plaintiffs' evidence is not authenticated.

We granted summary judgment on plaintiffs' claim for constructive fraudulent transfer. There was no disagreement about the first and third elements of the claim: a transfer occurred and MCM was insolvent at the time of the transfer. Defendants only disputed plaintiffs' contention that there was not reasonably equivalent value for the transfer. In concluding that the transfer did lack equivalent value, we determined that defendants were judicially estopped from contradicting the value of the debt relief Melvin McQuarrie provided in MCM's bankruptcy filing. Defendants now argue that the copy of the Voluntary Petition for Bankruptcy provided by plaintiffs is inadmissible. However, in Melvin McQuarrie's affidavit, defendant maintains that the value that MCM received was not the $231,400 in debt forgiveness listed in the bankruptcy filing, because that figure was based on partial information provided to defendant's attorney. See McQuarrie Affidavit, 6. In so stating, defendants acknowledge that this is in fact the number listed in the bankruptcy filing. Because defendants admit that $231,400 is the value stated in the bankruptcy filing, our determination that there was not reasonably equivalent value for the transfer is predicated only on facts explicitly acknowledged by defendants. Therefore, we need not reconsider our granting of summary judgment on the constructive fraudulent transfer claim.

We granted summary judgment on plaintiffs' alter ego claim. That analysis also relies on facts provided in defendant's affidavit. In considering the alter ego claim, we concluded that defendant ignored the separate entity status of MCM. Melvin McQuarrie explicitly states in his affidavit that he "covered many of MCM's debts, such as paying for its litigation costs in a case by it against the City of Page, covering its property taxes and many of its loan payments." McQuarrie Affidavit, 3–4. This supports fully the conclusion that Melvin

McQuarrie ignored MCM's entity status, and obviates any need to rely on the copies of checks and income tax returns provided by plaintiffs. In our fairness analysis, we relied on Melvin McQuarrie's decision to transfer the property days before going to arbitration with plaintiffs. In his affidavit, Melvin McQuarrie affirms that he transferred the property in the midst of "ongoing litigation with TFH." <u>McQuarrie Affidavit</u>, 5. Therefore, our conclusion that MCM was the alter ego of Melvin McQuarrie does not rely on any evidence that defendants contend is inadmissible.

Because our order is based on facts that defendants have explicitly acknowledged as true, there are no issues of material fact and defendants have not shown a manifest error in our order granting partial summary judgment. Therefore, **IT IS ORDERED DENYING** defendant's motion for reconsideration (doc. 54).

## II

Plaintiffs move to dismiss all remaining claims, pursuant to Rule 41(a)(2), Fed. R. Civ. P. These claims include all claims against defendant Janette McQuarrie, and a claim for actual fraud against defendant Melvin McQuarrie. Plaintiffs consider the relief already obtained against defendant Melvin McQuarrie sufficient. Because the motion is unopposed, we grant plaintiffs' motion to dismiss all remaining claims.

## III

**IT IS ORDERED DENYING** defendant's motion for reconsideration (doc. 54) and **GRANTING** plaintiffs' motion to dismiss all remaining claims (doc. 56). The clerk is instructed to enter final judgment in favor of plaintiffs and against defendant Melvin McQuarrie. This moots the Request to Vacate the Pretrial Conference (doc. 57)

DATED this 25th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge